This morning is Singh against Sessions. I'm sure, Ms. Harnett, if these people knew what was going to happen in the next case, they wouldn't all be leaving. Well, the bustle is slowly abating. So, Ms. Singh. Sorry, Ms. Harnett. Mr. Singh. Thank you, Your Honor. Good morning, and may it please the Court. My name is Helen Harnett from Immigration Attorneys, LLP, and I'm here for the appellant, Mr. Sarabjit Singh. This case is one of first impression in the circuit. Whether the burden for a motion to reopen when a conviction has been vacated, whether the burden for the motion to reopen should be on the government or on the immigrant, the respondent in immigration court. And because where the BIA placed the burden is an issue of law, this court reviews that issue de novo. According to the BIA, the respondent bears the burden for the motion to reopen, even if the underlying immigration court case, he was removable in a case that required the government to prove removability by clear and convincing evidence. And he's also required, in order to get the motion to reopen, the respondent is required to show by clear and convincing evidence that the vacature of his conviction was not based on a rehabilitative statute or for immigration purposes. Mr. Singh adjusted his status to lawful permanent resident back in 2000. There's a lengthy history in immigration court, which is discussed in the brief, and I won't review. Most recently, the government alleged that Mr. Singh was removable based on a conviction for a crime involving moral turpitude that was committed within five years after admission. Again, because he was an LPR, the burden was on the government to show by clear, unequivocal, and convincing evidence that he was removable. In November 1916, the immigration judge found that the government had met that burden. At the same time, Mr. Singh was pursuing post-conviction relief in Indiana, where that conviction had taken place, and post-conviction was granted that same month, November 2016. Therefore, we filed a motion to reopen with the Board of Immigration Appeals, as the conviction on which his removal was based no longer existed. The Board of Immigration Appeals denied the motion to reopen, and then we filed this petition for review. The Board found that Mr. Singh did not prove that the vacature of his conviction was not based on a rehabilitative statute. First, I want to consider the regular standard for reopening motions to reopen, for motions to reopen removal orders, and that's the burden is on the movement, so in this case that would be Mr. Singh, to establish a prima facie case that the court's order should be reopened or reconsidered. And that standard has been set by the BIA and numerous federal courts as well. And the reason for that is that the motion to reopen is an important safeguard intended to ensure a proper and lawful disposition of immigration proceedings, as the Supreme Court said in its Kucana case. The BIA in this case, however, relied on its decision in Chavez-Martinez, which incorrectly stated that there's a circuit split between different federal courts on who bears the burden and what the burden is for reopening when the conviction has been vacated. But it's not accurate to say that there's a circuit split. In the Ninth Circuit, a 2006 case, Nath, found that the BIA acted arbitrarily, irrationally, and contrary to law in denying a motion to reopen after the conviction had been vacated, even though the order vacating the conviction did not specify on what grounds it was vacated. In Cruz v. Attorney General, a 2006 case from the Third Circuit, the federal court just couldn't understand why the BIA had failed to grant the motion to reopen when it, from the court's review of the BIA's cases, it did this regularly. It identified 10 cases where it did it just almost automatically. The board in Chavez-Martinez said that the First Circuit, in Ramirez v. Gonzalez, found on the other side that the burden was on the move-in. However, that case actually had a very different posture than normal immigration court cases. That individual had a final order of removal. Then he filed a habeas proceeding in district court, and then the district court asked the BIA to review its removal order based on the vacature. That's not a similar case to what we're talking about here. Is there any evidence that this conviction was vacated for substantive or procedural deficiencies or defects? It was vacated based on the Indiana post-conviction statute, which only vacates convictions based on substantive issues. There was not a verified petition under that statute? It was not litigated that way, so far as the record shows? And so far as the record shows, it was vacated simply by agreement of the parties? It does refer in, I think it's Exhibit F. The court refers to the post-conviction relief statute. It's actually a rule of court. And, yeah, it was an agreement between the prosecutor and Mr. Singh's Indiana attorney. We don't know the basis of the agreement. Was it because he was not apprised of the fact that he could be removed when he pled guilty initially? That's correct. Under Padilla, is that in the record, though, in the Indiana case? And is that substantive or is that procedural? I don't know, Your Honor. But in other cases, they've found in this circuit in Sandoval and in Rodriguez-Ruiz and the BIA that when a new decision is based on a state statute, the board should look to the language of that statute and the motive for asking for the vacature is not important. What's important is that the state court is assumed to have followed its own rules and laws and vacated according to the terms of that statute. And that Pickering acknowledges that the BIA should give full faith and credit to the vacature and it shouldn't look behind the state law for speculation or for other motives. Well, there has to be some basis in the record for concluding that the vacature was based not on hardship or other non-substantive criteria. The conviction still counts unless it was vacated for substantive legal reasons or procedural reasons. And we've got no evidence of that. It's just vacated by agreement of the parties, which could be anything. Well, on Exhibit F, there's a reference to the post-conviction relief rule, and that is the only way to obtain post-conviction relief in the state of Indiana. But if that's the case, there would have been a verified petition with information about the substantive defect or the procedural defect in the conviction, and we don't have that here. No, we don't have that here. So there's just an insufficient basis to go any further with the analysis in this case. Well, what I would argue, Your Honor, is that because we do have an Indiana finding that the court has vacated his conviction, that we've met at least the normal standard for reopening cases, which are prima facie, to show that the removal order can no longer stand because the conviction no longer exists. And that once we've shown that, prima facie, that it's more likely than not that it no longer exists, then the BIA should reopen the proceedings to look more deeply at it. Everybody agrees it's been vacated, but the question whether it still counts for removability depends on the grounds. And Mr. Singh didn't put in the grounds with sufficient clarity to demonstrate that it was a substantive vacature or because of some procedural defect. So it may have been because of immigration hardship, and that doesn't eliminate the conviction for removability purposes. But even assuming that it was for immigration reasons, which it wasn't, we would argue that just based on the fact that it appears to have been vacated by the state of Indiana, it no longer exists in Indiana, that it meets the standard to reopen and that the board should remand to the immigration judge for further proceedings. You just said it was not for immigration purposes. How do you know that? Because it was done under the Indiana post-conviction statute, which you can only—it has to be based on the merits of the underlying conviction. Okay, and what were the merits that were presented to the judge that allowed him to vacate the conviction based upon substance? I wasn't the Indiana lawyer, so I'm not sure. See, if we had that, and if there was something that would tell us, for example, that perhaps he needed a liquor license to continue working and you can't do that as a felon, then we would know it was not for immigration purposes. Right now, we really don't know. But so the question right now is whether not knowing means that there's no motion to reopen, and Mr. Singh's motion to reopen was submitted in a timely fashion, so he would have to resubmit a new motion that did include all the bases. And while Mr. Singh does have counsel for most immigrants in removal proceedings, the vast majority don't have counsel, and so that's a very high burden for them to bear, and it's very different from the usual motion to reopen standard, which is a prima facie case, and I'd like to reserve the rest of my time. Certainly, counsel. Ms. Gordon. Good morning. May it please the Court? I'm Virginia Gordon for the Respondent. Your Honors, this case hinges on statutory and regulatory interpretation. Mr. Singh is subject to a final removal order on the basis of his Indiana deception conviction, and the Board's reasonable and permissible interpretation of the statute and regulations in three areas support this removability finding. First is the Board's requirement that an applicant seeking to reopen removal proceedings based on a vacated conviction must bear the burden of proving why that conviction was vacated. Second is the Board's reasonable interpretation of the plain language of the phrase one year or longer with regard to a possible maximum sentence imposed for a crime involving moral turpitude. And third is the agency's interpretation of its own regulations that permit the DHS to lodge additional or substitute charges at any time during ongoing removal proceedings. Together, these issues lie at the heart of Mr. Singh's removability because his conviction for deception, a Class A misdemeanor in Indiana, renders him removable and ineligible for cancellation of removal, the only form of relief for which he could apply. So turning to the burden of proving vacator on a motion to reopen, the Board was reasonable in its decision in matter of Chavez-Martinez, on which it relied in denying Mr. Singh's motion to reopen, when it placed the burden of proof on Mr. Singh to show why his conviction was vacated. The statute is silent about who bears the burden in such a situation. Now, although the statute provides that in the initial case when DHS charges an applicant with, an alien with removability, it must show by clear and convincing evidence that that alien is removable. Once the alien has a final order of removal and later seeks to reopen proceedings, there is no statement about who bears the burden in the motion to reopen, other than the general motion to reopen burden, which is heavy on an applicant, to show that the evidence he wishes to present will likely change the result of his case. Given that heavy burden, it is reasonable to ask the applicant to prove that his conviction was vacated for substantive or procedural reasons because he, as the Board said, is in the best position to know why that conviction was vacated. And the Board did not say that there was a circuit split on this issue. In fact, it just mentioned that there was a conflict because prior to Chavez-Martinez, the First Circuit had held in Rumieres v. Gonzalez that following the Chevron analysis, the Board's underlying decision in that case was a reasonable interpretation where the silent was absent on who bore the burden. And the Ninth Circuit, also in pre-Chavez-Martinez cases, simply looked at these motions to reopen and without extensive analysis, remanded to the Board to say reopen to see if DHS could meet its burden. Perhaps following Chavez-Martinez in a future case, it may reconsider we don't know. All of these were pre-Chavez-Martinez. And we're asking now that this Court accord Chevron deference to the Board's reasonable interpretation. And should the Court do so, it would then deny the petition because, as the Court has recognized, the evidence does not show why this conviction was vacated. One single reference to petition for post-conviction relief does not prove that he used the Indiana rules for post-conviction relief. And previously, when Mr. Singh vacated his corrupt business practices conviction, he submitted to the Board the petition for post-conviction relief that is required under the Indiana rules. And it is not clear in this case why he chose not to submit that document at this time. But he has done it in the past, following meeting that burden, and the Board said, this does show that it was vacated for substantive or procedural reasons, and thus it reopened proceedings. So we ask that on this basis the Court deny the petition for review. But even moving on to the meaning of one year or longer, the Board reasonably interpreted the plain language of the statute in saying that a conviction with a possible maximum sentence of not to exceed one year fits the meaning of one year or longer. One year or longer is a disjunctive phrase. A crime can either be for one year or for longer than one year. And the Board has permissibly read the statute in that way, as well as the second, third, eighth, and ninth circuits in decisions that have upheld the removability of aliens who had misdemeanor C.I. crime involving moral turpitude convictions with possible maximum sentences of up to one year. And given that the Indiana crime of deception, which we argue would remain valid because there is no proof that it was vacated for substantive or procedural reasons, has a maximum possible sentence of a fixed term of not more than one year, that fits under the plain language of one year or longer and would render him removable. So the Court also should deny on that basis. And finally, turning to the issue of DHS lodging additional charges, the regulations are clear that during removal hearings the DHS may lodge additional or substitute charges at any time. In this case, the proceedings were ongoing. They had been for quite a few years. And at the point when DHS initially withdrew the charge in March of 2014, the immigration judge still hadn't determined whether DHS had met its burden on removability. In February of 2015, when a new DHS attorney recognized the error of the prior attorney and lodged the C.I.M.T. charge again, it was at that time now an additional charge that the proceedings still had not moved forward. The immigration judge still had not decided whether DHS met its burden on removability. And so it was perfectly within DHS's purview under the regulations to lodge that additional charge. And in terms of Mr. Singh's arguments regarding that lodging that charge would be an effective process of fundamental fairness, the regulation is also clear that the immigration judge must explain the new charge to the alien and give the alien a reasonable continuance to respond to that charge. And here Mr. Singh took ample opportunity to respond to opportunities in hearings before the judge by counsel orally, a brief, a motion to terminate, a motion to strike DHS's opposition to the motion to terminate, an appeal to the board, a motion to reopen and reconsider with the board, and the petition for review. So allowing DHS to lodge these additional charges has not affected the due process in this case, and we ask that the court similarly uphold the board's decision in that area and deny the petition. So if there are no questions, then I will conclude by saying the board has reasonably interpreted the statute, and we ask that you accord deference to the board's decision and deny the petition. Thank you. Thank you, counsel. Anything further, Ms. Harnett? Thank you very much. The case is taken under advisement.